# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RACHAEL JOHNSON, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 4:17-CV-02774-JAR |
| BAYER CORPORATION, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This products liability lawsuit was originally filed in the City of St. Louis, Missouri on July 31, 2017 by 69 plaintiffs from 27 different states against Defendants Bayer Corporation, Bayer HealthCare LLC, Bayer Essure, Inc., and Bayer HealthCare Pharmaceuticals Inc. (collectively "Bayer") alleging Bayer's Essure product caused them harm. On November 27, 2017, Bayer removed the case to this Court. On December 4, 2017, Bayer filed a motion to dismiss (Doc. No. 7) and motion to sever (Doc. No. 10). Shortly thereafter, Plaintiffs filed a motion to remand (Doc. No. 14), motion for leave to conduct jurisdictional discovery (Doc. No. 16), and motion to stay proceedings pending a determination of the Court's subject matter jurisdiction. (Doc. No. 21). Plaintiffs' motions are fully briefed; Plaintiffs have not responded to Bayer's motions to dismiss and to sever, however, asking instead that the Court stay briefing until it rules on Plaintiffs' motion to remand.

**I.      Background**

Plaintiffs seek to recover damages for injuries they allegedly sustained from using Essure, a permanent birth control device manufactured and sold by Bayer. Plaintiffs assert

claims of negligence, strict liability, manufacturing defect, fraud, breach of warranties, violation of consumer protection laws, Missouri products liability, violation of the Missouri Merchandising Practices, Act, and punitive damages. Of the 69 plaintiffs, only four allege they are citizens of Missouri or had their implant procedure in Missouri.

The Bayer defendants – which are not Missouri citizens – removed the case to this Court in part[1] on the basis of diversity jurisdiction. The presence of at least some of the 65 non-Missouri plaintiffs defeats this Court's diversity jurisdiction. However, Bayer, relying on the recent United States Supreme Court opinion Bristol-Myers Squibb Co. v. Super Ct. of Cal., 137 S. Ct. 1773 (2017), argues this Court lacks personal jurisdiction over the claims of the 65 non-Missouri plaintiffs and that those claims should be dismissed or severed.

In their motion to remand, Plaintiffs urge the Court to address subject matter jurisdiction first because the question of personal jurisdiction will be fact-intensive and require "extensive" discovery. In the event the Court decides to address personal jurisdiction before determining subject matter jurisdiction, and finds Plaintiffs' allegations that Bayer conducted marketing and clinical trials in St. Louis, Missouri, inadequate to make a prima facie case of personal jurisdiction, Plaintiffs seek jurisdictional discovery.

Plaintiffs have not responded to Bayer's motions to dismiss and to sever because they seek a stay of these proceedings pending a determination of the Court's subject matter

---

[1] Bayer also contends this Court has (i) federal question jurisdiction because plaintiffs' claims necessarily depend on the federal regulatory process for approval of the Essure product, and (ii) diversity jurisdiction under the Class Action Fairness Act ("CAFA") when the Court considers the four other nearly-identical complaints filed by Plaintiffs' counsel on behalf of well over 100 plaintiffs. See Hinton v. Bayer Corp., No. 4:16-cv-01679 (E.D. Mo.), Johnson v. Bayer Corp., No. 4:17-cv-01533 (E.D. Mo.), McClain v. Bayer Corp., 4:17-cv-01534, Dyson v. Bayer Corp., 4:17-cv-02584 (E.D. Mo.), and Schaffer v. Bayer Corp., No. 4:17-cv-01973 (E.D. Mo.),

jurisdiction. Plaintiffs also request an extension of time to respond to Bayer's motions until after such jurisdiction is addressed.

**I.     Discussion**

"Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter" of a case before addressing personal jurisdiction issues. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 578 (1999). However, there are circumstances in which a court may first address personal jurisdiction, such as when personal jurisdiction is straightforward while subject matter jurisdiction is "difficult, novel, or complex." Id. at 588; see also Crawford v. F. Horrman-La Roche, Ltd., 267 F.3d 760, 764 (8th Cir. 2001) ("[C]ertain threshold questions, such as personal jurisdiction, may be taken up without a finding of subject-matter jurisdiction, provided that the threshold issue is simple when compared to the issue of subject-matter jurisdiction.").

Generally, the approach taken by judges in this district in similar cases was that subject matter jurisdiction was the less arduous inquiry. See, e.g. Jones v. Bayer Corp., No. 4:16CV1192 JCH, 2016 WL 7230433, at *2 n.3 (E.D. Mo. Dec. 14, 2016); Tenny v. Bayer Healthcare, LLC, No. 4:16CV1189 RLW, 2016 WL 7235705, at *2 (E.D. Mo. Dec. 13, 2016). However, since Bristol-Myers Squibb and State ex rel. Norfolk S. Ry. Co. v. Dolan, 512 S.W.3d 41 (Mo. 2017) (en banc), judges in this district have held that the issue of personal jurisdiction "is now the more straightforward inquiry." See Dyson v. Bayer Corp., No. 4:17CV2584 SNLJ, 2018 WL 534375, at *4 (E.D. Mo. Jan. 24, 2018); Jinright v. Johnson & Johnson, Inc., No. 4:17CV01849 ERW, 2017 WL 3731317, at *4 (E.D. Mo. Aug. 30, 2017); Covington v. Janssen Pharm., Inc., No. 4:17CV1588 SNLJ, 2017 WL 3433611, at *2–3 (E.D. Mo. Aug. 10, 2017); Turner v. Boehringer Ingelheim Pharm., Inc., No. 4:17-CV-

01525-AGF, 2017 WL 3310696, at *2 (E.D. Mo. Aug. 3, 2017); Jordan v. Bayer Corp., No. 4:17CV865 CEJ, 2017 WL 3006993, at *2 (E.D. Mo. July 14, 2017); Siegfried v. Boehringer Ingelheim Pharm., Inc., No. 4:16 CV 1942 CDP, 2017 WL 2778107, at *1, *5 (E.D. Mo. June 27, 2017).

The Court finds that addressing Bayer's challenge to personal jurisdiction over the claims of the non-Missouri plaintiffs presents the more straightforward inquiry under recent court decisions. "Remanding this case for lack of complete diversity only to have the case removed again later once the non-Missouri plaintiffs are dismissed, would be a waste of judicial resources. Ruling personal jurisdiction first is in the interests of judicial economy and expeditiousness." Jinright, 2017 WL 3731317, at *2. Accordingly, the Court will address Bayer's motion to dismiss before Plaintiffs' motion to remand.[2]

**A. Motion to dismiss**

In its motion to dismiss, Bayer argues that the claims of the non-Missouri plaintiffs should be dismissed for lack of personal jurisdiction and under the doctrine of *forum non conveniens*. Further, Bayer argues that Plaintiffs' claims should be dismissed as preempted and inadequately pled. The Court will first address the arguments directed to the non-Missouri plaintiffs' claims.

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must plead 'sufficient facts to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the state.'" Creative Calling Sols., Inc. v. LF Beauty Ltd., 799 F.3d 975, 979 (8th Cir. 2015) (quoting K–V Pharm. Co. v. J. Uriach & CIA, S.A., 648 F.3d 588, 591-92

---

[2] Because Plaintiffs have made their arguments for personal jurisdiction in their briefing of their other motions, the Court will consider the motion to dismiss now in the interest of judicial economy.

(8th Cir. 2011)). The Court views the evidence in a light most favorable to the plaintiffs and resolves factual conflicts in the plaintiffs' favor; however, plaintiffs carry the burden of proof and that burden does not shift to defendants. Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 647 (8th Cir. 2003).

Personal jurisdiction may be either general or specific. Bristol-Meyers Squibb, 137 S. Ct. at 1780. Plaintiffs do not argue that general jurisdiction may be applied to Bayer, so the Court will address only specific jurisdiction. "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state." Bell Paper Box, Inc. v. U.S. Kids, Inc., 22 F. 3d 816, 819 (8th Cir. 1994) (internal quotation omitted). Bayer does not contest that this Court has personal jurisdiction over it regarding the Missouri Plaintiffs, but asserts there is no connection between its interactions with the non-Missouri Plaintiffs and Missouri. Plaintiffs respond that Bayer is subject to specific jurisdiction as to all of their claims because Missouri was the site of a number of clinical trials; Bayer worked on regulatory approval for Essure in Missouri; and because St. Louis was one of eight cities targeted as part of a broader marketing plan to increase sales and revenue. (Compl., Doc. No. 4 at ¶¶ 143-144.) Plaintiffs' argument relies on the recent Supreme Court decision in Bristol-Myers Squibb.

In Bristol-Myers Squibb, nonresident plaintiffs joined California plaintiffs in a lawsuit filed in California state court for injuries allegedly caused by the drug Plavix. Id. at 1780. The California court held that specific personal jurisdiction over the nonresident plaintiffs' claims was present despite the fact that those plaintiffs suffered no injury in California. Id. at 1781. However, on writ of certiorari, the United States Supreme Court ordered that the claims of the nonresident plaintiffs be dismissed, stating "there must be an affiliation between the

5

forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." Id. at 1780 (internal quotation omitted). The Court held that Bristol-Meyers Squibb's activities in the forum were not adequately linked to the claims brought by nonresident plaintiffs. Specifically, "the nonresidents were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California. The mere fact that other plaintiffs were prescribed, obtained, and ingested Plavix in California – and allegedly sustained the same injuries as did the nonresidents – does not allow the State to assert specific jurisdiction over the nonresidents' claims." Id.

In discussing the facts of the case, the Court also observed that "[Bristol-Myers Squibb] did not develop Plavix in California, did not create a marketing strategy for Plavix in California, and did not manufacture, label, package, or work on the regulatory approval of the product in California." Id. at 1778. Plaintiffs suggest the Supreme Court offered these factors as a blueprint for establishing personal jurisdiction over a nonresident plaintiff's claims. Plaintiffs contend they have established a *prima facie* case for personal jurisdiction based on Bayer's regulatory and marketing activity in Missouri and should be permitted to conduct discovery to prove the contacts necessary to sustain jurisdiction in this case.

Even assuming that discovery would prove exactly what plaintiffs contend happened in Missouri with respect to Essure marketing and clinical trials, the individual plaintiffs' claims are too attenuated from those activities to provide specific, "case-linked" personal jurisdiction. Dyson, 2018 WL 534375, at *4. "That Missouri happened to be Essure's first marketed area has no bearing on the non-Missouri Plaintiffs' claims where those plaintiffs did not see marketing in Missouri, were not prescribed Essure in Missouri, did not purchase

6

Essure in Missouri, and were not injured by Essure in Missouri." Id. Furthermore, none of the non-Missouri Plaintiffs alleged that they participated in a Missouri clinical study or reviewed and relied on Missouri clinical studies in deciding to use Essure. Based on a "straightforward application" of the "settled principles of personal jurisdiction," it is not enough for a defendant to have general connections with the forum – there must be a connection between the forum and the specific claims at issue. Bristol-Meyers Squibb, 137 S. Ct. at 1781-83. The Court concludes that it does not have jurisdiction over the non-Missouri Plaintiffs' claims. Accordingly, the Court will dismiss these claims.

Bayer also argues in its motion to dismiss that the entire complaint should be dismissed because the claims are preempted by federal law, and Plaintiffs fail to plead a plausible claim for relief. Because these matters have not been fully briefed, the Court will defer ruling on Bayer's motion to dismiss and grant Plaintiffs leave to address the merits of Bayer's arguments.

### B. Motion to remand

In their motion to remand, Plaintiffs argue the Court lacks subject matter jurisdiction because there is a lack of complete diversity among the parties. Because the Court will grant dismissal of the non-Missouri plaintiffs' claims, the remaining Plaintiffs and Bayer are diverse from one another and the Court has subject matter jurisdiction. Plaintiffs' motion to remand will, therefore, be denied.

### C. Motions to sever and to stay

Likewise, the Court will deny Plaintiffs' motion to sever and motion to stay because the Court's ruling renders both moot.

### D. Motion for jurisdictional discovery

The Court will also deny Plaintiffs' request to conduct jurisdictional discovery because, as discussed above, the facts sought to be discovered by Plaintiffs would not result in this Court being able to exercise personal jurisdiction over the non-Missouri plaintiffs' claims.

Accordingly,

**IT IS HEREBY ORDERED** that Bayer's motion to dismiss [7] is **GRANTED** in part with respect to personal jurisdiction and held in abeyance with respect to federal preemption and failure to plead a plausible claim.

**IT IS FURTHER ORDERED** that the claims of all non-Missouri plaintiffs are **DISMISSED** for lack of personal jurisdiction.

**IT IS FURTHER ORDERED** that the four remaining Missouri plaintiffs shall have until **March 7, 2018** to file response to Bayer's motion to dismiss. Any reply shall be filed no later than **March 14, 2018.**

**IT IS FURTHER ORDERED** that Bayer's motion to sever [10] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to remand [14] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' motion to stay [21] is **DENIED as moot.**

**IT IS FINALLY ORDERED** that Plaintiffs' motion for leave to conduct jurisdictional discovery [16] is **DENIED.**

Dated this 21st day of February, 2018.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**